OPINION
{¶ 1} Defendant-appellant, Edward E. Carmen, Jr., appeals his conviction in the Clinton County Court of Common Pleas for the offense of rape. We affirm.
 {¶ 2} In 2003, appellant and his wife, Heather Carmen, moved into the home of Heather's parents located in Sabina, Ohio. Heather has two sons from previous relationships, J.S. and S.P. Both boys lived with appellant and Heather. Appellant has two daughters from his previous marriage, M.C. and D.C. Both girls reside with their mother and have visitation with appellant every other weekend. Around approximately February 2006, *Page 2 
appellant's daughter M.C. wanted a cell phone. She discussed the matter with appellant and Heather and, thereafter, the couple purchased a phone for her. Around February 14, 2006, appellant and Heather were advised by his ex-wife that M.C. was abusing the phone by text messaging and overuse, and requested that appellant remove the phone from M.C.'s possession. That evening appellant and Heather drove to his ex-wife's home to retrieve the phone. M.C. became very upset, yelling at her parents and engaging in a physical altercation with appellant. Following the altercation, M.C.'s mother proceeded to ground M.C. from her school's upcoming Valentine's Day dance. M.C. went to her room and wrote a letter to her mother, alleging that appellant had given her the phone in exchange for engaging in sexual behavior with him. After reading the letter, M.C.'s mother contacted the Children's Medical Center.
 {¶ 3} M.C. went to the medical center on February 17, 2006 for a forensic interview and physical examination. During the interview, M.C. relayed that she had been sexually assaulted by appellant at Heather's request and in the presence of Heather two weeks prior.[1] Pursuant to M.C.'s disclosure, Fayette County Children's Services was notified and made a referral to Clinton County Children's Services. Clinton County social workers contacted Heather's children at school and interviewed them on or about February 23, 2006 to inquire whether they had been involved in any sexual activity with appellant and Heather. During the interview, the boys denied any sexual activity involving the couple.
 {¶ 4} Around June 18, 2006, Heather's sons visited S.P.'s natural father during his allotted parenting time. J.S. disclosed that appellant and Heather had engaged in sexual activity with both him and his brother. The disclosure was reported to the Warren County Sheriff's Office, who contacted the Sabina Police Department. The boys went to the police department, where they were interviewed by a caseworker. The boys made statements *Page 3 
alleging that appellant and Heather engaged in sexual activity with them. Appellant and Heather were interviewed and advised that the agency was going to remove the children from the home. As a result, appellant and Heather agreed to relinquish their home so that the children could remain safely placed with Heather's parents.
 {¶ 5} Appellant was charged with four counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree.[2] Heather was charged with five counts of rape. The cases were consolidated and a single trial was held involving both defendants. Following a jury trial, appellant was found guilty of one count, [3] with the specification that the victim was under the age of ten at the time of the offense. Similarly, Heather was found guilty of one count. Due to the specification, appellant was sentenced to life in prison and classified as a sexually-oriented offender. Appellant timely appeals, raising two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE JURY VERDICTS [sic] FINDING EDWARD CARMEN GUILTY OF ONE COUNT OF RAPE IN VIOLATION OF R.C. 2097.02(A)(1)(b) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} Appellant argues in his first assignment of error that his rape conviction is against the manifest weight of the evidence. Appellant notes that he was charged with four counts of rape which were "supported by essentially the same evidence," but was only convicted for one count. Appellant claims, "[i]t is unclear why the jury would discount a substantial portion of testimony" yet "find the testimony of [S.P] or the testimony relating to *Page 4 
his experiences to be true."
 {¶ 9} When considering a manifest weight of the evidence challenge, an appellate court reviews the entire record, weighing the evidence and all reasonable inferences that can be drawn from it, and considers the credibility of witnesses, to determine whether in resolving conflicts in the evidence, "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 10} At trial, S.P. detailed the sexual abuse. S.P. testified that he was instructed to perform fellatio on appellant, appellant performed fellatio on him, and appellant engaged in anal sex with him. S.P.'s brother, J.S., and stepsister, M.C., also testified at trial regarding the sexual abuse that they allegedly endured. After reviewing the record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we cannot say that the trial court clearly lost its way and that appellant's conviction must be reversed. The trier of fact was in the best position to observe and assess the credibility of the witnesses. State v. Tyler (1990),50 Ohio St.3d 24, 32, citing State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 11} Appellant's first assignment of error is overruled.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "THE EVIDENCE PRESENTED TO THE JURY WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT EDWARD CARMEN'S CONVICTION ON ONE COUNT OF RAPE IN VIOLATION OF R.C. 2907.02(A)(1)(b)."
 {¶ 14} In his second assignment of error, appellant attacks the sufficiency of the evidence.
 {¶ 15} Sufficiency of the evidence and manifest weight of the evidence are *Page 5 
quantitatively and qualitatively different legal concepts. State v.Thompson, 78 Ohio St.3d at 386. In reviewing the record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. When deciding a sufficiency of the evidence issue, the reviewing court will not substitute its evaluation of witness credibility for that of the trier of fact. State v. Benge,75 Ohio St.3d 136, 142, 1996-Ohio-227. The state can use either direct or circumstantial evidence to prove the elements of a crime. State v.Nicely (1988), 39 Ohio St.3d 147, 151. Furthermore, "circumstantial evidence and direct evidence inherently possess the same probative value." Jenks, paragraph one of the syllabus.
 {¶ 16} The crime of "rape" as defined in R.C. 2907.02(A)(1)(b) provides, "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
 {¶ 17} In his brief, appellant insists that the evidence presented was insufficient to support the requisite elements of the charge, but fails to identify which elements specifically lack sufficient evidence or provide any factual analysis. Like his previous assignment of error, appellant simply relies on the claim that since the jury found the evidence to be insufficient with regard to three counts, the evidence presented for the fourth count was similarly insufficient. Appellant states that the conviction was "an anomaly that suggests the jury's prejudice relating to the facts of the case and is not supportive of the sufficiency of the evidence."
 {¶ 18} Viewing the evidence in a light most favorable to the prosecution, we find *Page 6 
sufficient evidence was presented to convict appellant of rape. As noted above, S.P. provided detailed testimony regarding the sexual encounter with appellant. S.P. testified that he was instructed to perform fellatio on appellant, appellant performed fellatio on him, and appellant engaged in anal sex with him.
 {¶ 19} Appellant's second assignment of error is overruled.
 {¶ 20} Judgment affirmed
WALSH, P.J. and POWELL, J., concur.
[1] The medical evaluation was inconclusive and showed no physical signs of assault or forced sexual entry.
[2] The first count alleged that appellant forced M.C. to engage in sexual activity with him in exchange for a cell phone. Counts two and three contained allegations relating to J.S., alleging that appellant performed fellatio on J.S. and J.S. performed fellatio on appellant. The fourth count alleged that appellant engaged in sexual conduct with S.P.
[3] Appellant was found guilty of the fourth count. *Page 1